NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAC 22-638

STATE IN THE INTEREST OF

J.L.& K.L.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 19-JV-019394
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of D. Kent Savoie, Charles G. Fitzgerald, and Gary J. Ortego, Judges.

APPEAL DISMISSED.

**Diane Elaine Cote**
**825 Kaliste Saloom Road**
**Brandywine III, Room 150**
**Lafayette, LA 70508**
**(337) 262-5913**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**S. Marie Johnson**
**Public Defender's Office**
**106 West Berard Street**
**St. Martinville, LA 70582**
**(337) 394-1446**
**COUNSEL FOR APPELLANT:**
     **R. L.**

**Denise Henderson**
**Mental Health Advocates**
**302 Dulles Street, Suite U-47**
**Lafayette, LA 70506**
**(337) 262-2030**
**COUNSEL FOR APPELLEES:**
     **K. L.**
     **J. L.**

**SAVOIE, Judge.**

On October 14, 2022, this court issued a rule to Appellant, R.L., to show cause, no later than October 31, 2022, by brief only, why the appeal should not be dismissed as untimely. *See* La.Ch.Code art. 332. A response from Appellant was received in this court. For the reasons set forth herein, we dismiss the appeal.

On March 11, 2022, the trial court granted judgment in favor of the State of Louisiana, terminating the parental rights of Appellant to J.L. and K.L. A written judgment was signed by the trial court on March 31, 2022, and notice of signing of the judgment was mailed to all the parties on April 5, 2022. Appellant's notice of intent to file appeal was filed on April 28, 2022.

Upon the lodging of the appeal, this court issued a rule to show cause why the appeal should not be dismissed as untimely. Pursuant to Article 332, "appeals shall be taken within fifteen days from the mailing of notice of judgment." The notice of judgment was served on counsel of record on April 5, 2022, and notice of appeal was not filed until April 28, 2022, more than fifteen days after service of notice of judgment.

In response to the rule to show cause, Appellant acknowledges the fifteen-day time limit set forth in Article 332. Appellant states, however, that counsel did not discover until April 25, 2022, that the notice of judgment had been mailed by the clerk's office on Aril 5, 2022, and received at the Public Defender's Office on April 7, 2022. Counsel for Appellant explains that she emailed the legal assistant on March 23, 2022, instructing her to notify counsel immediately upon receipt of the signed judgment. Then, on March 31, 2022, and April 25, 2022, counsel emailed the legal assistant to inquire about the receipt of the signed judgment. Additionally, on March 25, 2022, March 30, 2022, April 14, 2022, and April 20, 2022, counsel had in person discussions with the legal assistant about the receipt of the judgment and asked her to be on the lookout for the document. It was not until April 25, 2022, that counsel was

informed that the judgment had been delivered to the office and stamped "received" on April 7, 2022. Further, the document was placed in a box that counsel was not aware existed.

The March 31, 2022 judgment terminating Appellant's parental rights was mailed by the clerk of court on April 5, 2022. Therefore, under Article 332, Appellant was required to file her motion for a suspensive appeal of that judgment within fifteen days from April 5, 2022, or by April 20, 2022. Because our review of the record shows that Appellant did not file her motion for appeal until April 28, 2022, we find that Appellant's appeal is untimely pursuant Article 332. Accordingly, we dismiss this appeal

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.